UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY WEBB,

    Plaintiff,

v.                                      Case No: 3:17-cv-405-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff, Jeffrey Webb, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability, DIB and SSI on May 10, 2013, alleging a disability onset date of November 11, 2011. (Tr. 198-206). Plaintiff's claims were denied at the initial and reconsideration levels. Plaintiff requested a hearing, and, on May 13, 2015, an administrative hearing was held before Administrative Law Judge William H. Greer ("the ALJ"). (Tr. 37-62). On September 16, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability from November 11, 2011, through the date of the decision. (Tr. 24-36). Plaintiff filed a request for review which the Appeals Council denied on February 7, 2017. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on April 7, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 11, 2011, the alleged onset date. (Tr. 26). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and ischemic heart disease. (Tr. 26). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally crouch, kneel, reach above shoulder level, climb stairs, bend and stoop. The claimant cannot climb ladders, ropes or scaffolds and he cannot crawl. He cannot have concentrated or excessive exposure to dust, fumes or extremes in temperature or humidity.

(Tr. 27). At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a convenience store clerk as this work does not require the performance of work-related activities precluded by the claimant's RFC. (Tr. 31). The ALJ concluded that Plaintiff had not been under a disability from November 11, 2011, through the date of the decision, September 16, 2015. (Tr. 31).

## II. Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ's RFC determination is supported by substantial evidence; (2) whether the ALJ erred by failing to properly consider Plaintiff's credibility; and (3) whether the ALJ erred by failing to properly develop the record. The Court will address each issue in turn.

**a) Whether the ALJ's RFC determination is supported by substantial evidence.**

Plaintiff argues that the ALJ's RFC determination that Plaintiff can perform a reduced range of light work is not supported by substantial evidence. (Doc. 19 p. 14-17). Plaintiff notes that his treating physician Ravish Narvel, M.D. offered opinions in February and March 2012 that assessed limitations precluding light work. (Doc. 19 p. 15). Plaintiff argues that the ALJ identified no evidence that is sufficient to overcome the power of the treating physician's findings to support the finding that Plaintiff can perform a reduced range of light work. (Doc. 19 p. 16). Instead,

Plaintiff argues, the ALJ relied only on a state agency consultant and his own opinion that Plaintiff's statements about his limitations were not credible. (Doc. 19 p. 17).

In response, Defendant argues that substantial evidence supports the ALJ's RFC determination and that the ALJ provided good cause, supported by substantial evidence, for giving no weight to Dr. Narvel's opinions. (Doc. 25 p. 5).

The record indicates that Dr. Narvel determined in an assessment dated February 6, 2012 that Plaintiff's back and right leg pain was exacerbated by sitting and "prolonged weight bearing." (Tr. 302). Specifically, Dr. Narvel reported that Plaintiff was limited to standing only "occasionally." (Tr. 308). He also determined that Plaintiff could lift no more than 10 pounds due to his back. (Tr. 308). Dr. Narvel indicated that Plaintiff had a "return to work date" of February 27, 2012. (Tr. 308).

An assessment on March 14, 2012 concluded that Plaintiff was unable to lift even 5 pounds at the time, nor bend and twist, but could sit or stand for 1/3 to 2/3 of the time. (Tr. 344). Dr. Narvel indicated that Plaintiff restrictions ended on March 29, 2012, and Plaintiff could return to work on that date. (Tr. 344).

In his decision, the ALJ addressed Dr. Narvel's opinion as follows:

> As for the opinion evidence, the claimant was advised, in February 2012, that he could occasionally sit and stand, frequently walk, continuously carry up to ten pounds, push/pull up to ten pounds occasionally and occasionally bend, twist, stoop/kneel, climb/balance, crouch/crawl (Exhibit 1F/13). In March 2012, the claimant was restricted to never lifting anything, frequently sitting, standing and walking, no pushing/pulling and no bending, twisting, stoop/kneel, climb/balance and crouch/crawl (Exhibit 2F/33). These opinions are given no weight as they represent temporary restrictions related to temporary short-term disability. Further, they are not consistent with the evidence of record. For example, the claimant reported to the State agency that he helped with household chores but he has to rest every 15 minutes (Exhibit 8E).

(Tr. 30).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

In this case, the Court finds that the ALJ provided good cause for rejecting Dr. Narvel's opinion. Dr. Narvel provided opinions about Plaintiff's restrictions and limitations in February and March 2012. (Tr. 30, 42, 308, 344). As the ALJ noted, Dr. Narvel's opinions were merely temporary restrictions related to Plaintiff's temporary short-term disability. (Tr. 30, 42). In

particular, Dr. Narvel indicated on March 14, 2012, that the restrictions ended and Plaintiff could return to work as of March 29, 2012, and the record does not include a later opinion from Dr. Narvel. (Tr. 344). Thus, even if one were to accept Dr. Narvel's opinions, the opinions do not establish that Plaintiff had additional limitations or was unable to work for any consecutive twelve-month period after his alleged onset date of November 11, 2011, as required to meet the definition of disability under the Social Security Act. (Tr. 198, 201). *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 404.1509, 416.905(a), 416.909; *see also Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (holding that a claimant's impairments and inability to work must last for continuous period of at least twelve months).

Further, substantial evidence supports the ALJ's determination that Dr. Narvel's opinions are inconsistent with the record. (Tr. 30). Dr. Narvel failed to explain his opinions, and his records, from before and after he issued his opinions, do not include objective medical findings to support his opinions. Dr. Narvel's objective findings do not indicate that Plaintiff's condition was as limited as Dr. Narvel opined as notes from November 2011 through March 2012 indicate that Plaintiff's cardiovascular system was normal, including regular rate and rhythm; normal S1 and S2; no rubs, clicks, or murmurs; and no cyanosis, clubbing, or edema in his extremities. (Tr. 314-19, 321). Dr. Narvel also indicated that Plaintiff's gait was normal and his neurological functioning was normal, including 5/5 strength and intact sensation. (Tr. 314-19, 321). Dr. Narvel's clinical findings in September 2012, after he issued his opinions, were similarly unremarkable. (Tr. 313). Dr. Narvel discharged Plaintiff from his admissions for gastrointestinal complaints in August and November 2012, but he apparently did not examine Plaintiff. (Tr. 345-49). Diagnostic studies ordered by Dr. Narvel also did not reveal abnormalities that would support the extreme limitations that he indicated in his opinions. (Tr. 336, 370).

Substantial evidence supports the ALJ's treatment of Dr. Narvel's opinions. Accordingly, the Court will not disturb the ALJ's findings on appeal.

**b) Whether the ALJ erred by failing to properly consider Plaintiff's credibility.**

Plaintiff argues that the reasons the ALJ gave for finding Plaintiff's testimony regarding the extent of his impairments not credible are not supported by substantial evidence. (Doc. 19 p. 18-22). Plaintiff contends that the ALJ erred by failing to consider the side effects of Plaintiff's medication as a reason for his failure to receive consistent treatment, failure to follow up with appointments, and failure to consistently take prescribed medication. (Doc. 19 p. 19). Plaintiff contends that the ALJ improperly found Plaintiff not credible despite the opinion of Dr. Narvel supporting his testimony. (Doc. 19 p. 19-20). Finally, Plaintiff argues that the ALJ improperly discounted Plaintiff's credibility based on a state agency physician's opinion which was accorded "significant weight" (Doc. 19 p. 21). In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of his alleged symptoms were not entirely credible. (Doc. 24 p. 11).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23,

28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In this case, the Court finds that Plaintiff has failed to demonstrate that the ALJ erred in his finding that Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of his alleged symptoms were not entirely credible. (Tr. 29). As Defendant notes, while Plaintiff argues that he did not take medications due to side effects, he fails to cite medical evidence showing he complained of side effects or that he had side effects from medication. Given Plaintiff's failure to cite to medical evidence showing Plaintiff had side effects from medication which caused him to be non-compliant with his prescribed medication, the Court finds no error in the fact the ALJ did not specifically consider side effects.

Further, the Court finds no error in the ALJ's utilization of the medical opinions in considering Plaintiff's credibility. Plaintiff argues that the ALJ erred by disregarding Dr. Narvel's opinion while relying on the state agency physician Dr. Walker's opinion in determining Plaintiff's credibility. As noted above, however, the ALJ properly accorded no weight to Dr. Narvel's

opinions. In addition, the fact that the ALJ accorded weight to the state agency physician does not mean the ALJ erred. State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p. Dr. Walker's assessment of Plaintiff's limitations is supported by the objective medical findings and consistent with the record as a whole. See 20 C.F.R. §§ 404.1527(c)(3), (c)(4), 416.927(c)(3), (c)(4). Thus, Dr. Walker's opinion provides additional evidence undermining Plaintiffs' subjective complaints of disabling symptoms.

Substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints of disabling symptoms and limitations were not entirely credible. Accordingly, the Court will not disturb the ALJ's findings as to Plaintiff's credibility.

### c) Whether the ALJ erred by failing to properly develop the record.

Plaintiff argues that to the extent that the ALJ entertained reasonable doubts as to whether the medical opinions of Dr. Narvel and Dr. Patel were limited to temporary medical condition in February and March of 2012, he should have obtained additional evidence from those physicians. (Doc. 19 p. 22). Defendant argues that the ALJ was not required to recontact Dr. Narvel and Dr. Patel. (Doc. 24 p. 16-19).

An ALJ has a basic obligation to develop a full and fair record. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham*, 129 F.3d at 1423 (internal quotation marks omitted). In determining whether to remand for further

development, "[t]he court should be guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* (internal quotation marks omitted).

Here, Plaintiff has failed to show that the record contains evidentiary gaps that resulted in unfairness or clear prejudice warranting remand with instructions for the ALJ to recontact Dr. Narvel and Dr. Patel. "[T]he claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). As Defendant notes, Plaintiff has been represented by an attorney at least since May 2013. (Tr. 127-28). If Plaintiff was or is aware of other records or opinions produced by Dr. Narvel or Dr. Patel, Plaintiff should have obtained and submitted such evidence from Dr. Narvel or Dr. Patel to fulfill his obligation to provide evidence to support his claim. Plaintiff has failed to show that any other evidence from Dr. Narvel or Dr. Patel even exists.

An ALJ "may" recontact a claimant's treating physician if the ALJ decides that the evidence is insufficient to determine whether the claimant is disabled. *See* 20 C.F.R. §§ 404.1520b(c)(1), (c)(3), 416.920b(c)(1), (c)(3). Here, however, there is no indication that the ALJ had doubts about the temporary nature of Dr. Narvel's opinions, and Dr. Narvel's March 2012 opinion specifically indicates that the restrictions ended and Plaintiff could return to work on March 29, 2012. (Tr. 344).

Plaintiff has failed to show that an inconsistency or ambiguity existed that required more evidence. The record contained sufficient evidence for the ALJ to make an informed decision, and Plaintiff failed to show unfairness or clear prejudice. *See Graham*, 129 F.3d at 1423. Plaintiff failed to meet his burden of proving that he was disabled. Accordingly, the Court affirms the ALJ's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties